**STATE of Missouri, Respondent,**

v.

**Napoleon Jerome DUNCAN, Appellant.**

**No. 55616.**

Supreme Court of Missouri, Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Anny. Gen., Jefferson City, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

HOLMAN, Judge.

Defendant, Napoleon Jerome Duncan, was charged with the offense of murder in the second degree. Upon trial he was found guilty and his punishment was fixed by the jury at imprisonment for a term of ten years. See §§ 559.020 and 559.030.[1] He has appealed.

There was evidence to indicate that on January 12, 1969, defendant shot Donald Regans and that Regans died shortly thereafter as a result of that wound. Since the only contention of error on appeal relates to the ruling on a pretrial motion no further facts need be stated.

The sole point presented to this court is that "the trial court erred in denying appellant who pleaded self-defense to introduce the police record of the deceased to show deceased's violent and turbulent nature as such evidence tended to establish the basis for appellant's apprehension of deceased." That contention is based on the fact that the trial court, just prior to the commencement of the trial, overruled the following motion: "Comes now the defendant by his attorneys and prays the court to compel the State to produce certain police records pertaining to the arrest or arrest and conviction of the deceased Donald Regans for the purpose of showing that the deceased was possessed of a violent, turbulent and aggressive nature, and for the purpose of showing that the deceased provoked the altercation which resulted in his death."

In the trial court discussion relating to the motion it appeared that a subpoena duces tecum had also been issued for those records and it was quashed on motion of the State. The only statement in the nature of an offer of proof by defendant's counsel was as follows: "That the record would tend to show that the deceased was possessed of a violent and turbulent nature, that he had been engaged in brawls with others in the past; and that it would show * * * that he, by his aggressiveness and turbulent nature, brought on the controversy which resulted in his death." While that offer is not at all specific we will assume for the purposes of our decision that the police records would have shown that deceased had been arrested and convicted of crimes of a violent nature.

 It has long been the rule in this State that where the defense is self-defense evidence is competent to prove that the deceased bore the reputation of being of a violent and turbulent disposition or character, but that such must be proved by testimony concerning his general reputation and not by evidence of specific acts of violence having no connection with defendant. See

1. Statutory references are to RSMo 1969, V.A.M.S.

State v. Elkins, 63 Mo. 159; State v. Roberts, 294 Mo. 284, 242 S.W. 669; State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079; State v. Smart, Mo.Sup., 328 S.W.2d. 569; State v. Davis, Mo.Sup., 365 S.W.2d 577; and State v. Hicks, Mo.Sup., 438 S.W.2d 215 [6].

■ Defendant concedes that it is the established rule that specific acts of violence may not be admitted in evidence for the purpose of proving that deceased was of a violent or turbulent nature. He says, however, that the rule is not sound and that no Missouri case has seriously inquired into whether the rule is founded upon a sound logical basis and requests that we overrule the many cases that have approved it. It is true, as defendant suggests, that most of our cases have simply relied on precedent in applying the rule and have not discussed the reasons for it.

The first case we have found which states the rule is State v. Elkins, supra (1876). It did so without discussion or citation of authority, as follows: "* * * testimony showing that the deceased was turbulent, violent and desperate, is proper, in order to determine whether the accused had reasonable cause to apprehend great personal injury to himself. This proof extends to the general character and reputation of the deceased, but it cannot be made to include particular acts, or what, in the opinion of witnesses, he would be liable to do under certain circumstances." 63 Mo. l. c. 165. Perhaps the most cogent reason for the rule is indicated in State v. Colvin, 226 Mo. 446, 126 S.W. 448, 461, wherein the court approved a quotation that " 'The man's character is to be judged by the general tenor and current of his life, and not by a mere episode in it.' " We can readily understand that many men who are ordinarily peaceable and law-abiding, on a few occasions in an entire lifetime, may have acted in a rash and turbulent manner. Those few occasions should not be considered appropriate proof that such a man is of a violent and turbulent nature.

In State v. Roberts, 294 Mo. 284, 242 S.W. 669, 675, the court approved a quotation from Greenleaf on Evidence which discussed the reasons for the rule, as follows: "It has long been settled that testimony from other witnesses of particular instances of misconduct is an improper mode of discrediting, because of the confusion of issues and waste of time that would thus be involved, and because of the unfair surprise to the witness, who cannot know what variety of false charges may be specified, and cannot be prepared to expose their falsity. This rule excluding proof by other witnesses is well settled and everywhere accepted." A practical reason for the rule is that if evidence of specific acts could be relied on to prove that deceased was of a violent disposition it would likely result in the raising of any number of collateral issues, the trial of which might be quite lengthy and also would tend to divert the minds of the jurors from the main issue. If the rule were as defendant contends it should be it is not difficult to imagine a case in which the extensive evidence offered on each side in regard to alleged specific acts of violence by deceased would completely overshadow the main issue concerning defendant's guilt or innocence.

Defendant has cited three cases from other states which have relaxed the rule to the extent of permitting proof of specific acts of violence by deceased which occurred when defendant was present, or of which he had knowledge prior to the homicide. See State v. Johnson, 270 N.C. 215, 154 S.E.2d 48, Mendez v. State, 27 Ariz. 82, 229 P. 1032, and Mortimore v. State, 24 Wyo. 452, 161 P. 766. Those cases are not applicable to the factual situation here presented and we do not find them helpful on the question we are reviewing.

We have read all of the cases cited by defendant and have given careful con-

 

siderätion to his arguments, but have failed to find any substantial reason for changing the rule which has been followed in this state for at least 95 years. We are convinced that the rule is sound, practical, and logical and should continue to be followed. The contention of defendant is accordingly disallowed.

Judgment affirmed.

All concur.