**STATE of Missouri, Respondent,**

v.

**Donald McDONALD, Appellant.**

No. 35010.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 15, 1975.

Rehearing Denied Sept. 8, 1975.

Crouppen, Walther & Zwibelman, Roy A. Walther, III, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Neil McFarlane, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Defendant appeals from a conviction of assault with intent to kill without malice aforethought. A jury fixed defendant's

sentence at six months in the St. Louis Medium Security Institution. Section 559.-190, RSMo. 1969.

The facts can be briefly stated. Late in the evening of November 3, 1971, defendant and a companion arrived at a combination tavern and pool hall in St. Louis. Defendant attempted to "challenge" Thomas Karcher, who was playing pool, by placing a quarter on the edge of the pool table. Karcher knocked the quarter off the table and an argument ensued between defendant and Karcher, during which Karcher threatened defendant with bodily harm. Defendant then went outside to his companion's automobile, got his companion's .22 caliber target pistol from the automobile trunk, stuck it under his belt, and returned to the tavern.

The testimony differed on what subsequently happened. There was a scuffle between defendant and Karcher, and defendant shot Karcher twice with the pistol. Some witnesses testified that defendant shot Karcher only after Karcher had attacked defendant with his fists and a bar stool. Other witnesses said defendant approached Karcher and shot him before the fight began.

During the fight defendant dropped the pistol. The defendant's companion then picked up the gun, ran outside, and fired several shots into the tavern through a window. Defendant and his companion then left. Later defendant voluntarily surrendered to the police.

■ Defendant's sole contention on appeal is that the trial court erred in rejecting his offer to prove that the victim had been in other fights with third parties and that defendant was aware of these fights. Defendant urges that the excluded evidence was relevant to his defense of self-defense, a key element of which is whether defendant had a reasonable belief that his life or personal safety was immediately threatened by the victim.

■ The trial judge properly excluded evidence that the victim had been in other fights and that the defendant was aware of these fights.

■ For nearly one hundred years the Missouri rule has been that where the defense is self-defense evidence is admissible to show that the victim had the reputation of being of a violent and turbulent disposition or character. But this evidence must be shown by testimony concerning the victim's *general reputation*, and not by evidence of *specific acts* of violence having no connection with defendant. *State v. Elkins,* 63 Mo. 159 (1876); *State v. Woods,* 274 Mo. 610, 204 S.W. 21 (1918); *State v. Naylor,* 328 Mo. 335, 40 S.W.2d 1079 (1931); *State v. Cavener,* 356 Mo. 602, 202 S.W.2d 869 (1947); *State v. Smart,* 328 S.W.2d 569 (Mo. 1959); *State v. Hicks,* 438 S.W.2d 215 (Mo. 1969); and, *State v. Duncan,* 467 S.W.2d 866 (Mo.1971).

Two reasons have been advanced in support of the rule. First, a man should be judged by the tenor of his entire life and not by a mere episode in it. Secondly, if evidence of specific acts could be relied on to prove the victim was of a violent disposition, then this evidence would likely result in raising collateral issues which would lengthen trials and divert the jurors' minds from the main issue in the trial which is the defendant's guilt or innocence. *State v. Duncan,* supra, 868.

The Missouri Supreme Court en banc has recently reaffirmed both the rule and the reasoning behind it. *State v. Maggitt,* 517 S.W.2d 105 (Mo. banc 1974).

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.