STATE of Missouri, Respondent,

v.

Naymon BAKER, Appellant.

No. WD 31845.

Missouri Court of Appeals,
Western District.

Dec. 29, 1981.

James W. Fletcher and Gary L. Gardner, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

Appellant Baker was convicted after a jury trial, of murder in the second degree, § 565.004, RSMo 1978. He was sentenced to 10 years' imprisonment. He appeals to this court alleging error in the exclusion of certain evidence offered by him.

Finding no error, the judgment is affirmed.

Appellant was charged by an indictment with murder in the second degree in violation of § 565.004, RSMo 1978. From the evidence adduced at trial the jury could reasonably find that at about 9:30 p. m. on August 4, 1979, appellant and a companion, Willie Crossley, were walking north in the 3600 block of Troost where they met a white male, Danny Wisner, who had two St. Bernard dogs and appeared to be staggering. Crossley testified that appellant and Wisner bumped into each other, began arguing, and that appellant pulled a pistol, pointed it at the victim and started firing. The victim was wounded twice, once superficially in the mouth and mortally in the back.

James Fitzgerald, an off-duty police officer, was driving past the scene, heard three shots and saw the victim stumble, then fall face down into the street. Fitzgerald

stopped his car, stepped out, and ordered appellant to stop. When appellant pointed the gun at Fitzgerald, the officer fired six shots in appellant's direction, wounding him in the right foot. Appellant was later arrested at a VA Hospital where he had fled for treatment.

The thrust of appellant's testimony was that he acted in self-defense. Appellant averred that when Crossley asked Wisner for a light, Wisner became verbally abusive and an exchange of obscenities ensued. Appellant testified that he walked past Wisner, then looked over his shoulder and saw Wisner with his hand raised and an object in his hand resembling a knife. Appellant admitted shooting the victim, but insisted that he did so because he feared Wisner was going to throw the knife or run at him with it.

The appellant's one "point relied on" is this:

> The trial court erred in sustaining the state's objection to the appellant's attempt to call Mr. Smallwood as a witness for the defense because the witness's testimony would have been relevant and material in that the testimony concerning statements made by the victim tended to support appellant's theory that the victim was truculent and hostile when he encountered appellant, and thereby was likely to have threatened appellant, thereby causing appellant to shoot the victim in valid self-defense.

At trial, appellant attempted to call Woodie Smallwood to testify on his behalf. According to appellant's offer of proof, Smallwood saw the victim sitting on the curb in front of a bar at 3547 Troost at about 7:30 p. m. on the night of the homicide, but two hours earlier. Smallwood allegedly would have testified that the victim was intoxicated and told Smallwood, "Tell them on the inside, if they want to, to come on out and get it on." Smallwood would have testified that he relayed the message to the patrons inside the bar, that three black males stood up, but that he (Smallwood) told them the guy was drunk and to leave him alone. Finally, he would have testified that the three did go out and confront the victim, but that no blows were exchanged.

Defense counsel stated that he offered this testimony to show the "truculent disposition" of the victim and his general disposition for a confrontation on the same evening he encountered the appellant. The trial court sustained the prosecutor's objection that this evidence was too far removed from the time of the crime and that there was no indication that appellant knew of the victim's truculent nature.

Appellant charges the trial court erred in rejecting the testimony of Smallwood, which, he argues, was relevant and therefore admissible because the statements allegedly made by the victim some two hours before the shooting tended to support appellant's theory that the victim was in an abusive, threatening mood shortly before his encounter with appellant and was therefore likely to have been the aggressor.

Because of the remoteness in time (two hours) from the time of the homicide, and the fact defendant was not involved in the earlier incident, the trial court was well within his discretion in excluding the proffered testimony of the incident in front of the tavern. The trial court has a certain discretionary latitude in accepting or rejecting evidence on the grounds of relevance. *State v. Feger,* 340 S.W.2d 716, 725[20] (Mo. 1960); *State v. Brown,* 604 S.W.2d 10, 16[7] (Mo.App.1980); *State v. Woods,* 508 S.W.2d 297, 300[2] (Mo.App.1974).

We have examined all the cases cited by the appellant for his position, and find that none of them support his arguments.

It is to be noted that the earlier incident sought to be proved here did not involve the defendant himself, as in *State v. Singh,* 586 S.W.2d 410 (Mo.App.1979), and *U. S. v. Brown,* 490 F.2d 758 (D.C.Cir.1973), both cases cited by appellant. See also *State v. Hicks,* 438 S.W.2d 215, 219 (Mo.1969).

Defendant did not offer the rejected evidence to support his self-defense claim, that is, to show that the incident entered into his evaluation of the decedent's alleged

aggressive actions against which he claimed to be defending himself. Had the evidence been offered for that purpose, it would have been inadmissible for two reasons: First, that defendant's violent and turbulent disposition cannot be proved by the specific acts of violence, but can be shown only by his reputation in the community for those characteristics; and second, that the earlier incident was not known to the defendant at the time of the homicide. *State v. Maggitt,* 517 S.W.2d 105, 107[1] (Mo. banc 1974); *State v. Duncan,* 467 S.W.2d 866, 867[1, 2] (Mo.1971); *State v. Howard,* 564 S.W.2d 71, 76 (Mo.App.1978).

The judgment is affirmed.

All concur.