**STATE of Missouri, Respondent,**

v.

**Willie Mae WINSTON, Appellant.**

No. 46224.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 31, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied
Sept. 20, 1983.

Robert J. Maurer, Michael R. Young, Asst. Public Defenders, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after her conviction by a jury of the lesser included offense of manslaughter, having initially been charged with second degree murder. Punishment

was assessed at 10 years' imprisonment. We affirm.

On May 7, 1981, police were called to the home of defendant and victim. They found the victim dead on the living room couch with approximately 8 stab wounds. When the police arrived, defendant indicated that an unknown black man had left by means of the back door. However, an investigation revealed the back door was securely locked from the inside. When confronted with these facts the defendant made the following statement to police: "Yes, I stabbed Walter. We were arguing. I went and got a knife that I use to cut meat with, and I stabbed him."

At trial, she presented evidence of self-defense. Her testimony was that she was peeling potatoes in the kitchen when the victim arrived intoxicated. She contended that the victim began hitting her with a hard object and that she stabbed him with a kitchen knife in self-defense, continuing until the victim stopped hitting her.

The state's autopsy report confirmed that the victim was intoxicated at the time of death with .324 grams percent of alcohol in his blood. There were also traces of phenobarbital and Dilantin, both prescribed for victim's epilepsy, in amounts consistent with the prescription.

During the trial, defendant presented evidence by several witnesses that victim had a reputation in the community for violence when intoxicated. The state countered with evidence that he had a reputation for not being violent when intoxicated.

Defendant's sole point on appeal is that the court erred in permitting the state to offer, on rebuttal, evidence of "specific instances demonstrative of the character of the deceased." Specifically, defendant testified as her first witness. During cross-examination, the following occurred:

Q. Why do you think he was intoxicated?

A. *Because he gets violent when he's intoxicated.*

In rebuttal, the state called Officer O'Connor. The stated purpose was to offer the following separate items:

First of all, to rebut the testimony of the defense witnesses that the victim had a reputation for violence; second, to offer rebuttal evidence as to the defendant's statements during cross-examination that when the victim was drunk, he was mean and rotten; and third, to offer rebuttal as to her testimony that on this particular incident, he—being the victim—was hitting her with something other than his hands . . . .

To this end, Officer O'Connor testified, without objection, as to the non-violent reputation of the victim in the community. However, defendant now objects to the state's offer of O'Connor's testimony as rebuttal to the statements made by defendant during cross-examination. The questions and answers were as follows:

Q. All right. Officer, prior to his death, had you observed Walter Griffin when he was in an intoxicated condition?

A. Yes, sir.

Q. And when you observed him in that condition, was he violent or aggressive or combative?

A. No, sir; never.

Q. And have you observed him at his residence on Gregan in the presence of the defendant when he was in an intoxicated condition?

A. Yes, sir.

Q. And on those occasions, was he an aggressive or violent or turbulent person?

A. No, sir.

It is well recognized in Missouri that where the defendant claims self-defense, the defendant may offer evidence of the reputation of the victim for turbulence or violence. *State v. Maggitt,* 517 S.W.2d 105, 107 (Mo. banc 1974). The state may rebut this evidence by showing the victim's reputation in the community for non-violence. *State v. Feeley,* 194 Mo. 300, 92 S.W. 663, 667 (1906). Likewise, the state may

**604**

rebut defendant's evidence of good reputation by introducing evidence of bad general reputation. *State v. Earvin,* 510 S.W.2d 419, 422 (Mo.1974). In no case, however, may reputation be established by specific acts which have no connection to the defendant. *State v. Maggitt,* 517 S.W.2d 105, 107 (Mo. banc 1974); *State v. Baker,* 626 S.W.2d 680, 682 (Mo.App.1981). Moreover, while reputation cannot be established by specific acts, a party can test witness' credibility by asking about specific instances. *State v. Page,* 577 S.W.2d 177, 179 (Mo.App. 1979).

Although these principles are well accepted, both sides basically admit that no Missouri appellate decision has touched on the specific rebuttal matter of this case; namely, the use of specific instances to counter statements by the defendant which are not based on community reputation. We note, however, that it is generally well recognized that testimony constitutes rebuttal if it "explains, counteracts, repels, or disproves a defendant's evidence either directly or by implication." *State v. Cameron,* 604 S.W.2d 653, 658 (Mo.App.1980). Furthermore, the admissibility of rebuttal rests in the sound discretion of the trial court. *State v. Kerr,* 548 S.W.2d 295 (Mo.App.1977).

Based upon the above-stated principles, we determine that the defendant was not prejudiced by the admission of the complained of testimony and the trial court did not abuse its discretion. This testimony falls within the scope of rebuttal. Defendant stated that she knew the victim was intoxicated because he was violent when he was intoxicated. The state's evidence went basically to rebut her testimony, by showing that there was an occasion wherein the victim was intoxicated in her presence and yet was not violent. We recognize that a person may act differently depending on the presence or absence of a police officer. However, we believe this goes to the weight of the testimony, not its admissibility. There is no apparent abuse of the trial court's discretion in this matter.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.