**Eddie L. TAYLOR, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 27501.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 18, 2006.

---

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Eddie L. Taylor (movant) was convicted, following a jury trial, of robbery in the first degree, § 569.020,[1] and armed criminal action, § 571.015. Following his incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion court denied the Rule 29.15 motion without an evidentiary hearing. This court affirms in part, reverses in part, and remands for evidentiary hearing.

<hr />

1. References to statutes are to RSMo 2000.

This Court's review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Moss v. State*, 10 S.W.3d 508, 511 (Mo.banc 2000). A judgment is clearly erroneous when, in light of the entire record, "the court is left with the definite and firm impression that a mistake has been made." *Id.* The motion court's findings are presumed correct. *Black v. State*, 151 S.W.3d 49, 54 (Mo.banc 2004).

*Worthington v. State*, 166 S.W.3d 566, 572 (Mo.banc 2005). *See* Rule 29.15(k).

Movant raises four points on appeal. Each point alleges a claim of ineffective assistance of counsel; that the motion court erred in denying movant's motion without an evidentiary hearing "because [movant's] motion pleaded factual allegations which, if proven, would warrant relief and which are not refuted by the record."

To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Brooks*, 960 S.W.2d 479, 497 (Mo.banc 1997). An evidentiary hearing is not required if the files and records of the case conclusively show that movant is entitled to no relief. *Rule 29.15(h)*. Moreover, to obtain an evidentiary hearing with respect to claims related to ineffective assistance of counsel, movant must allege facts showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that movant was thereby prejudiced. *Brooks*, 960 S.W.2d at 497.

*Barnett v. State,* 103 S.W.3d 765, 769 (Mo. banc), *cert. denied,* 540 U.S. 862, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003).

■ Point I is directed to movant's trial counsel's failure to call Teddy West, Deon Davis, and Deon Mollices as witnesses at movant's criminal trial. Movant argues that failure to call those persons denied him effective assistance of counsel in that they would have contradicted testimony of a witness, Jennifer Moore, who was called by the state.

Jennifer Moore was working at the business where the robbery of which movant was found guilty occurred, a Wendy's restaurant. She identified movant as the robber. She identified movant from a photographic lineup. She became aware of his identity after picking his picture from the pictures she was shown. Jennifer was 16 at the time of the robbery. She testified that she had known movant, but did not realize he was someone she had known until after the robbery. Movant's amended motion alleged:

> Movant was denied his right to effective assistance of counsel in that trial counsel, Bryan Keller, failed to endorse and call as witnesses on movant's behalf, Teddy West, Deon Davis, and Deon Mollices to establish that Jennifer Moore was substantially more familiar with movant than she admitted to during her testimony.

> . . .

> Movant gave counsel the names of these three individuals and advised that they could testify that movant had frequent contact with Jennifer Moore for a substantial period including shortly before the robbery. Counsel's investigator, Linda Bollinger, interviewed all three individuals who each gave consistent statements that movant ran in similar circles to Jennifer Moore and that they were frequently seen hanging out together either at West's house or at Taco Bell. In addition the two had been seen specifically interacting with one another including one incident in which Moore called police over an incident which occurred at Taco Bell in which movant was involved. Counsel was aware of these witnesses and the substance of their testimony but unreasonably failed to call them to testify on movant's behalf at trial. Each of these witnesses was available and willing to testify to the above stated facts.

> Counsel was obviously aware of the importance of the testimony based on his attempt to argue that Jennifer Moore was more familiar with movant than she admitted to at trial. However, because he had not presented any testimony to support that argument, an objection by the state was sustained and the argument was ordered stricken and to be disregarded by the jury. [References to trial transcript omitted.]

Movant was prejudiced by counsel's failure to call these witnesses because each of the witnesses could have established that Jennifer Moore was substantially more familiar with movant than she admitted to during her testimony such that a reasonable jury would have believed that she would have immediately recognized movant as the robber and told police that she recognized him during her first interview rather than waiting until his photo was placed in lineup where she did recognize him, not as the robber but as someone she knew and did not like. Given that neither Jamie Keeton nor Jamie Welton could identify movant in the courtroom as the robber, Moore's identification was crucial to the strength of the state's case. There is a reasonable probability that had the jury heard evidence establishing that Jennifer Moore should have recognized and identified movant as the robber immedi-

ately rather than later, the jury would have disbelieved her testimony identifying movant as the robber and the outcome of the case would have been different.

The motion court found:

. . .

7. At trial, Jennifer Moore testified that she identified the robber in a photographic line up [sic] after the robbery as photo 1. After she identified the robber, she realized that she had seen him before and knew him as Eddie Taylor. Ms. Moore explained that she knew of him through school.

8. During cross-examination, trial counsel got Ms. Moore to commit that she probably knew Movant for up to three years prior to the robbery. Trial counsel got Ms. Moore to agree that she knew Movant somewhere between four to six years up to the time of trial. Ms. Moore explained that she never remembered hanging out with Movant. Trial counsel got Ms. Moore to admit that she knew Teddy West[,] a former boyfriend[,] and Dion Davis as a schoolmate. Ms. Moore did not remember hanging out with Dion Davis. Ms. Moore denied hanging around with any black males including Movant. Trial counsel pointed out during cross examination that Ms. Moore had previously used the word "transfixed" at a deposition to describe how she was looking at the movant during the robbery. Ms. Moore also told trial counsel that she was 99% sure that it was Movant who robbed Wendy's.

[References to trial transcript omitted.] The motion court further stated in its findings that during trial of the criminal case, the trial court was informed that Teddy West and Dion Davis might be called as "impeachment witnesses." The motion court stated that trial counsel had indicat-

ed West and Davis were present to testify. The motion court concluded:

As to Movant's allegations of ineffective assistance of counsel in paragraph 8(a) and 9(a) of his amended motion for counsel's failure to call a number of witnesses at trial who could testify about how one witness, Jennifer Moore, knew Movant better than she testified to at trial. It was apparent at trial and through the trial transcript that trial counsel had two "rebuttal" witnesses available to testify against Jennifer Moore. However, counsel did not call these witnesses to the stand. This court will give the deference to trial counsel's decision regarding the use of the witnesses and the effect that the witness, if any, will have on the interest of his client. Especially, when defense counsel called two other witnesses to the stand on behalf of Movant. Even if counsel had called these witnesses to rebut her "knowing" the Movant, this court does not find that the outcome of the trial would have been any different because she did identify the Movant as the robber. Movant's motion is denied as to this issue. [References to trial transcript omitted.]

A trial counsel's mere failure to impeach a witness does not entitle a movant to post-conviction relief. *State v. Phillips*, 940 S.W.2d 512, 524 (Mo.banc 1997). To be entitled to relief, impeachment would have to have provided movant with a defense or would have to have changed the outcome of the trial. *Id.* Additionally, the presumption that counsel's decision not to impeach was a matter of trial strategy would have to be overcome. *Id.*

The evidence movant claims his trial attorney should have produced by means of the witnesses he identified in his amended motion would not have produced a viable defense. Jennifer identified movant as

the robber from a photographic lineup and at trial. Jennifer was outside the restaurant, at night, on a break when she first saw movant. Before she saw him, she saw the restaurant manager, who also was outside, push an alarm button the manager had around her neck. Jennifer was asked how she knew this occurred. She explained that she saw the manager grab her shirt and push her thumb down on the button that was inside the shirt. The next thing Jennifer remembered was "[a] guy running up behind us." She "got a glance" at him "but not a real good look." She saw a gun in his hand. The robber was wearing a black bandana that covered one eye.

On cross-examination, movant's trial attorney inquired of Jennifer regarding whether she knew movant. She told the attorney she knew him from two years before at school, probably her sophomore year in high school. She was asked a number of questions concerning the manner in which she had known him; whether or not she "ever hung out with, spent time around this person, Eddie Taylor." She said not that she remembered.

Movant's trial attorney could have called witnesses regarding Jennifer's testimony or could have, as he did, rely on his cross-examination to suggest Jennifer would have immediately recognized movant at the time of the robbery. Nothing in movant's petition asserts facts that suggest the decision on the part of movant's attorney was anything other than the exercise of reasonable trial strategy. Additional evidence of Jennifer's knowledge of movant's identity could have further emphasized her identification of him and lent credibility to it. The motion court's determination that the trial attorney was not ineffective in not calling witnesses to attempt to impeach Jennifer's testimony in that regard is not clearly erroneous. Point I is denied.

■ Point II is directed to movant's trial counsel's failure to call movant's mother, Marilyn Taylor, as a witness at the criminal trial. Movant argues that she "would have provided [movant] with an alibi in defense of the charges against him by establishing that at the time of the robbery, [movant] was at home with her."

Movant's amended motion alleged:

Movant was denied his right to effective assistance of counsel in that trial counsel, Bryan Keller, failed to give notice of alibi and endorse and call as a witness on movant's behalf, Marilyn Taylor, of Sikeston, Missouri to testify that at the time and date of the robbery, movant was at home with Ms. Taylor and therefore could not have committed the robbery.

The motion further asserts:

Movant advised counsel that he was with his mother at her home at the time and date of the robbery and that she could and would testify to that fact. Counsel failed to interview and call Ms. Taylor who on belief and information was available and willing to testify on movant's behalf that at the time and date of the robbery, movant was with her at her home.

A reasonable [sic] competent attorney would have recognized the importance of presenting an alibi defense where one exists and would have taken all steps to present evidence of such including giving proper timely notice and securing the presence and testimony of witnesses thereto. Counsel had no reasonable strategic reason for failing to do so in this matter. There is a reasonable probability that had counsel called Mrs. Taylor to present an alibi as to movant's whereabouts at the time of the robbery, the outcome of the case would have been different.

The motion court found that trial counsel was not ineffective for failing to call an alibi witness, stating:

It is apparent that if Movant had told counsel of a reasonable and presentable alibi witness counsel would have informed the state of such a witness prior to trial and presented that witness at trial. According to the amended motion, [movant] wanted his mother[,] Marilyn Taylor[,] called as an alibi witness. However, [movant] did not alleged [sic] that trial counsel admitted that he had not investigated the issue of alibi for [movant]. Thus, this issue is not properly pled to require an evidentiary hearing. *Kuehne v. State*, 107 S.W.3d [285,] 294 (Mo.App.W.D.2003) (hearing required where defendant pled that defense counsel knew of defense and admittedly did not investigate the information). This court finds that defense counsel [sic] choice not to call the mother was a matter as a witness [sic] was a matter of trial strategy.

It was apparent to this court that defense counsel's theory for the defense was misidentification. The use of a witness to present an alibi defense wherein the alibi witness would have a known bias would not have overcome the identification of the Movant as the robber by the state witnesses. Movant's motion is denied as to this issue. [Reference to trial transcript omitted.]

■ The state's brief asserts that movant failed to allege sufficient facts in his amended motion to entitle him to an evidentiary hearing with respect to his claim that trial counsel was ineffective in not calling his mother as a witness in the criminal trial. Facts that entitle a movant in a post-conviction proceeding to an evidentiary hearing with respect to failure to call an alibi witness must show "(1) that the witness could have been located through a reasonable investigation, (2) what the witness would have testified to if called, and (3) that the witness's testimony would have provided a viable defense." *White v. State*, 939 S.W.2d 887, 899 (Mo. banc), *cert. denied*, 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997).

Movant's motion identified Ms. Taylor "of Sikeston, Missouri." It stated he was with Ms. Taylor, his mother, "at her home at the time and date of the robbery and that she could and would testify to that fact." The motion emphasized her availability and willingness to have testified at trial stating she "was available and willing to testify on movant's behalf that at the time and date of the robbery, movant was with her at her home." That information suffices as allegations that Ms. Taylor could have been located through a reasonable investigation—it gave the town where she resided and disclosed her as movant's mother. It stated she had been available and willing to testify. It stated the viable defense that movant was not at the robbery scene at the time the robbery occurred.

The motion court concluded that defense counsel did not call Ms. Taylor as a witness as a matter of trial strategy; that because the defense was misidentification, an alibi witness with "a known bias" would not have overcome the identification of movant as the robber by the state witnesses.

This court is left with the definite and firm opinion that the motion court erred in denying movant's motion on this point without an evidentiary hearing. The determination that no evidentiary hearing was required is clearly erroneous. While there were witnesses who identified movant as the robber, others with equally good opportunities to observe movant expressed some uncertainty as to his identity. Jamie Welton, a customer who saw the robber at the scene and identified him from a photo lineup, could not identify him at trial. The

investigating detective testified that movant looked thinner than the robber appeared at the time of the robbery.

With respect to the motion court's conclusion that the decision not to call Ms. Taylor was one of trial strategy, nothing in the motion or any part of the record that has been provided this court affords a basis for that determination. Movant argues that the decision not to call Ms. Taylor could have been inadvertent; that there is no way to determine the basis for not calling her absent inquiry by way of an evidentiary hearing. Based on the record before it, this court agrees. Point II is granted. Evidentiary hearing is required for determination of whether failure to call Ms. Taylor amounted to ineffective assistance of counsel.

■ Point III is directed to movant's claim that his trial counsel was ineffective in that "his trial counsel failed to object to the state's improper closing argument in which the prosecutor misstated the evidence." Movant contends it was error to deny relief on that basis without having an evidentiary hearing. Movant's amended motion alleged:

Trial counsel, Bryan Keller, was ineffective for failing to timely object to various misstatements by the prosecutor during closing arguments to the jury.

During it's [sic] closing argument, the prosecutor argued, "Because Jennifer Moore told you that that man right there robbed Wendy's. Jamie Welton told you that that man right there robbed Wendy's. Jamie Keeton told you that that man right there robbed Wendy's." In fact, only Jennifer Moore identified movant in court as the person who robbed Wendy's. Jamie Welton refused to identify movant in court as the robber by continually qualifying her answer with the fact that he would have had to lose a lot of weight in order to have been the robber. Even then she

still only states that he "could be" the guy. Jamie Keeton testified consistent with her statements to police that she was not 100% positive that the person in the photo lineup or the person in the courtroom was the robber.

Jennifer Moore testified that the robber was taller than her own height of 5′ 10″ to 5′ 11″. However, during closing argument the prosecutor told the jury that Jennifer said he was her size. This misstatement of the facts served to improperly reconcile the evidence to be consistent with the state's theory that movant was the robber. The descriptions of the robber were of someone taller than movant who was listed as 5′ 10″ on his driver's license. By misstating Moore's testimony the state in effect "shortened" the robber to be more consistent with movant.

[References to trial transcript omitted.]

Movant's motion asserts that the state incorrectly stated facts so as to bolster its case by misleading the jury; that "there is a reasonable probability that had counsel properly objected and the incorrect argument by the state been stricken, the outcome of the case would have been different."

The motion court found:

Movant alleges that his trial counsel was ineffective for failing to object to certain comments that the prosecutor made during closing argument regarding the identification of Movant as the robber. The court is aware that the main gist of the defense counsel's theory of the case involved mistaken and/or improper identity. The prosecutor's closing arguments were not improper but merely in rebuttal to defense counsel's closing argument. Trial counsel can not [sic] be found ineffective for failing to object to proper argument. *State v. Kinder*, 942 S.W.2d 313, 338–339 (Mo.

banc 1996). The failure to object constitutes ineffective assistance of counsel only where the comment was of such a character that it resulted in a substantial deprivation of the accused's right to a fair trial. *State v. Link,* 965 S.W.2d 906, 913 (Mo.App. S.D.1998). The prosecutor's closing argument did not deprive Movant of a fair trial. Movant's motion is denied as to this issue.

The motion court's decision with respect to Point III is based on findings of fact that are not clearly erroneous. No error of law appears. Further discussion would have no precedential value. Point III is denied in compliance with Rule 84.16(b)(2) and (5).

█ Point IV is directed to movant's trial counsel's failure "to challenge the venire panel, which had too few African–American members to be considered a fair cross-section of the community, and the jury, which had no African–American members." Movant argues that the motion court erred in finding movant was not denied effective assistance of counsel in that movant alleged facts that were not refuted by the record which if proven would have entitled movant to relief.

Movant's amended motion alleged:

Movant was denied his right to due process and a fair trial . . . because he was denied a fair cross section of the community in that the jury consisted of no African American or black jurors and the venire panel had too few black members so as to constitute a relative disparity in comparison to the community composition.

. . .

[N]one of the final twelve persons were African American or black and less than 10% of the venire panel was black. According to the 2000 census, Mississippi County's population is 20.5% black or African American and 77.9% Caucasian. Therefore having a jury of twelve persons in which none are black or African American does not represent a fair cross section of the community and having a venire panel consisting of less than 10% black persons is evidence of systematic exclusion. Movant is black and was entitled to a jury which consisted of a fair cross-section of the community. A jury with no blacks constitutes both relative and absolute disparity between the jury, the jury pool, and the community from which it was drawn.

In addition, movant was denied effective assistance of counsel because trial counsel failed to object to the lack of a fair cross section on the venire panel and the jury. A reasonably competent attorney would have recognized these issues and objected at all appropriate times. Had counsel done so, the panel would have been quashed and movant would have not been deprived of a fair trial.

The motion court's findings include that movant pleaded only that the make-up of the jury in his trial was inadequate to meet constitutional requirements; that evidence as to the composition of a single jury panel does not meet requirements imposed by *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The motion court's findings are not clearly erroneous. "Evidence as to a single venire panel does not satisfy the test requirements prescribed by Duren." *State v. Williams,* 767 S.W.2d 87, 90 (Mo. App.1989). *See also State v. Davis,* 646 S.W.2d 871, 874 (Mo.App.1982), *cert. denied,* 464 U.S. 962, 104 S.Ct. 398, 78 L.Ed.2d 340 (1983). Movant did not plead sufficient facts to show that a meritorious objection could have been made by trial counsel. Point IV is denied.

The judgment is reversed as to the issues related to Point II, trial counsel's failure to call Marilyn Taylor as an alibi

witness. In all other respects the judgment is affirmed. The case is remanded for evidentiary hearing consistent with this opinion.

RAHMEYER, P.J., and SHRUM, J., concur.